UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RACHEL ROGERS,

    Plaintiff,

v

THE CREDIT PROS
INTERNATIONAL, LLC,

    Defendant.

Case No: 1:23-cv-01323

_____/

**DEFENDANT THE CREDIT PROS INTERNATIONAL, LLC'S
MOTION TO DISMISS PLAINTIFF'S COMPLAINT [D.E. 1]
AND INCORPORATED MEMORANDUM OF LAW**

Defendant The Credit Pros International, LLC ("Credit Pros"), by and through the undersigned attorneys and pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6), hereby files this Motion to Dismiss the Complaint [D.E. 1] filed by Plaintiff Rachel Rogers ("Plaintiff").

The Motion to Dismiss relies upon the accompanying Brief in Support and Memorandum of Law.

Dated: March **11**, 2024.   Respectfully submitted,

By:   */s/ Mark G. Cooper*
MARK G. COOPER (P52657)
JAMES W. ROSE (P66473)
Email: mcooper@taftlaw.com
Email: jrose@taftlaw.com
**Taft Stettinius & Hollister LLP**
27777 Franklin Rd., Ste. 2500
Southfield, Michigan 48034
Tel: (248) 351-3000

JAMEY R. CAMPELLONE
*Pro Hac Vice Anticipated*
Fla. Bar No. 119861
Email: jamey.campellone@gmlaw.com
Email: gabby.mangar@gmlaw.com

**GREENSPOON MARDER LLP**
200 East Broward Blvd., Suite 1800
Fort Lauderdale, Florida 33301
Tel: (954) 527-6296
Fax: (954) 333-4027

*Attorneys for The Credit Pros International, LLC*

**Certification of Compliance with Local Rule 7.1**

Under W.D. Mich. Local Rule 7.1(d), the undersigned certifies that a conference was conducted between Defendant's counsel and Plaintiff's counsel, in which the movant explained the nature of the motion and its legal basis, and requested but did not obtain concurrence in the relief sought.

*/s/ Mark G. Cooper*
MARK G. COOPER (P52657)
JAMEY R. CAMPELLONE
*Pro Hac Vice Anticipated*
Fla. Bar No. 119861

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RACHEL ROGERS,

    Plaintiff,                                                Case No: 1:23-cv-01323

v

THE CREDIT PROS
INTERNATIONAL, LLC,

    Defendant.
_____/

## BRIEF IN SUPPORT OF
## DEFENDANT THE CREDIT PROS INTERNATIONAL, LLC'S
## MOTION TO DISMISS PLAINTIFF'S COMPLAINT [D.E. 1]
## AND INCORPORATED MEMORANDUM OF LAW

In support of its Motion to Dismiss, Credit Pros incorporates this Brief in Support and the below Memorandum of Law, and states as follows:

## INTRODUCTION

Plaintiff seeks to assert claims against Credit Pros that sound in fraud under the Credit Repair Organization Act ("CROA") pursuant to 15 U.S.C. § 1679 *et seq.*, as well as the Michigan Credit Services Protection Act ("MCSPA") pursuant to M.C.L. § 445.1821, *et seq*. But to do so, as set forth in the Federal Rules of Civil Procedure, Plaintiff must allege such claims with particularity to safeguard Credit Pro's reputation from improvident charges of wrongdoing. This pleading requirement is of paramount importance where, as here, the threshold inquiry of "whether a company is a credit repair organization under the CROA **depends on the representations made**." *Plattner v. Edge Sols., Inc.*, 422 F. Supp. 2d 969, 974 (N.D. Ill. 2006) (emphasis added). Simply put, because Plaintiff's allegations are so bare-boned, Credit Pros (and even this Court) cannot make that case dispositive, threshold determination because Plaintiff

fails to plead her fraud-based claims (under CROA and MCSPA) with particularity. That should be no surprise as this lawsuit attempts to manufacture breach of contract claims,[1] at most, into fraud claims that simply do not exist for the sole purpose of seeking attorneys' fees. Accordingly, Credit Pros respectfully requests that the Court enter an Order dismissing the fraud-based claims attempted to be asserted in Plaintiff's Complaint.

## MEMORANDUM OF LAW

### I. STATEMENT OF FACTS

On December 19, 2023, Plaintiff filed her Complaint against Credit Pros. While Credit Pro's alleged relationship with Plaintiff was **contractual** in nature (Compl. ¶ 13), Plaintiff's Complaint seeks to assert claims pursuant to 15 U.S.C. § 1679b(a)(3)-(4) (Count I(a))[2] and MSCPA § 445.1823(d)-(e) (Count II) based on supposed guarantees, advice, suggestions, and representations of unknown Credit Pros representatives, allegedly uttered at unknown times and entirely devoid of context. Compl., ¶¶ 7-12, 21-23, 31-33, 48. Plaintiff alleges Credit Pros made the following guarantees, suggestions, and representations:

> 7. In approximately August of 2020, Plaintiff had accrued a number of debts which were impacting her credit situation, and Plaintiff similarly had some information appearing on her credit report that was inaccurate, prompting Plaintiff to begin looking for various credit repair companies for assistance.
>
> 8. Around the middle of August 2023, Plaintiff was receiving a number of email solicitations from Defendant offering Plaintiff various discounts on Defendant's services and which repeatedly represented the efficacy of Defendant's services in challenging information appearing on Plaintiff's credit reports.

---

[1] Credit Pros denies entering into a contract with Plaintiff. Indeed, the contact alleged in Plaintiff's Complaint [D.E. 1, ¶ 13] is between Plaintiff and "Success Systems LLC dba The Credit Pros."

[2] Count I purports to assert additional disparate CROA violations against Credit Pros predicated entirely on technical violations of CROA. *See* Count I(b) (predicated on 15 U.S.C. § 1679b(b)), Count I(c) (predicated on 15 U.S.C. § 1679c), and Count I(d) (predicated on 15 U.S.C. § 1679d). These additional alleged CROA violations are not at issue in this Motion.

9. On such solicitation suggested that Plaintiff's credit would improve within 30 days of signing up with Defendant, but that consumers choose to stay with Defendant for 4-6 months to enjoy the full benefit of the improved credit deliverable through Defendant's services.

10. Plaintiff then scheduled a time to speak with Defendant, and on or about August 16, 2023, Defendant called Plaintiff and began discussing its services and credit issues Plaintiff wanted to have addressed through Defendant's services.

11. Defendant represented that its services would improve Plaintiff's Credit, as Defendant would assess the information that was negatively impacting Plaintiff's credit, and subsequently submit disputes to the credit reporting agencies seeking to have that information removed from Plaintiff's credit.

12. Defendant affirmative represented that the information would be disputed and would be removed from Plaintiff's credit, regardless of whether the disputed information was accurate or otherwise could properly be removed from Plaintiff's credit.

13. Finding desirable the nature of Defendant's representations, Plaintiff subsequently **entered into a contract with Defendant for its provision of services**.

. . .

16. Despite Plaintiff's maintenance of her payments, Defendant failed to deliver the results or provide the services in the manner represented.

. . .

21. Defendant further falsely, deceptively, and misleadingly represented the increase in credit score that Plaintiff would experience, as well as the timeframe during which such results could be expected, and did so to extract payments from Plaintiff in connection with services whose qualities and benefits were misrepresented to Plaintiff.

22. Defendant further represented that it would, and upon information and belief subsequently did, submit disputes challenging information on Plaintiff's credit report without any indication that such information was inaccurate, obsolete, or could otherwise reasonably be removed from Plaintiff's credit reports.

131973725v1

> 23. Defendant thus falsely, deceptively, and misleadingly represented to Plaintiff the extent to which it could have the accurate and correctly-reporting information removed from her credit.

> . . .

> 48. Defendant violated § § 445-1823(d) – (e) in much the same way it violated §§ 1679b(a)(3)-(4) of the CROA.

There are no pertinent allegations elaborating or otherwise providing specificity to those reflected above, thus, Plaintiff seeks to rely on the foregoing to support her fraud-based claims. However, as addressed below, because the foregoing generalized allegations are not pleaded with particularity, Plaintiff's fraud-based claims (Count I(a) and Count II) must be dismissed pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6).

## II. STANDARDS OF REVIEW

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim of relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds of his entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above a speculative level . . . ." *Twombly*, 550 U.S. at 555. Courts may not assume that "the [plaintiff] can prove facts that [he or she] has not alleged or that defendants have violated the . . . law in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, [the complaint] 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). Conclusions in a pleading

"are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Indeed, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

Furthermore, Federal Rule of Civil Procedure 9 provides, in pertinent part, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). This requirement is supplemental to the *Iqbal* pleading standards. *Young v. Grand Canyon Univ., Inc.*, 57 F.4th 861, 873 (11th Cir. 2023). The Tenth Circuit has interpreted Rule 9(b) to require "a complaint alleging fraud to set forth the time, place and contents of the false representations, the identity of the party making the false statements and the consequences thereof" *Galvin v. McCarthy*, 545 F. Supp. 2d 1176, 1185 (D. Colo. 2008) (quoting *Koch v. Koch Indus.*, 203 F.3d 1202, 1236 (10th Cir. 2000)) (internal quotations omitted); *see Faulhaber v. Petzl Am., Inc.*, 656 F. Supp. 3d 1257, 1267 (D. Colo. 2023) (granting a motion to dismiss fraud based claims where the plaintiff failed to allege, as he must under Rule 9(b), the time and place of the allegedly fraudulent misrepresentations); *see also Sticky.io, Inc. v. Martingale Software, LLC*, 21-CV-00664-RM-STV, 2021 WL 5508429, at *7 (D. Colo. Oct. 27, 2021) (holding that "Rule 9(b) requires sufficient detail to inform Defendants—and this Court—as to the precise details of the alleged fraudulent scheme. The Complaint fails that requirement."). It is well-settled that dismissal of a fraud claim for failure to plead with particularity under Federal Rule of Civil Procedure 9(b) is treated as a dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Seattle-First Nat. Bank v. Carlstedt*, 800 F.2d 1008, 1011 (10th Cir. 1986).

131973725v1

### III. DISCUSSION

Plaintiff's fraud-based claims are predicated on 15 U.S.C. § 1679b(a)(3)-(4) and M.C.L. § 445.1823(d) – (e), which state, respectively:

> No person may make or use any **untrue or misleading representation** of the services of the credit repair organization.

15 U.S.C. § 1679b(a)(3) (emphasis added).

> No person may engage, directly or indirectly, in any act, practice or course of business that constitutes or results in the commission of, or an attempt to commit, a **fraud or deception** on any person in connection with the offer or sale of the services of the credit repair organization.

15 U.S.C. § 1679b(a)(4) (emphasis added).

> A credit services organization, a salesperson, agent, or representative of a credit services organization, or an independent contractor who seels or attempts to sell the services of a credit services organization shall not do any of the following:
>
> (d) Make or use a **false or misleading representation** in the offer or sale of the services of a credit services organization.
>
> (e) Engage, directly or indirectly, **in a fraudulent or deceptive act, practice, or course of business** in connection with the offer or sale of the services of a credit services organization including, but not limited to, both of the following:
>
> (i) Guaranteeing or otherwise stating that the organization is able to delete an adverse credit history unless the representation clearly discloses, in a manner equally as conspicuous as the guarantee, that this can be done only if the credit history is inaccurate or obsolete and is not claimed to be accurate by the creditor that submitted the information.
>
> (ii) Guaranteeing or otherwise stating that the organization is able to obtain an extension of credit regardless of the buyer's previous credit problems or credit history unless the representation clearly discloses, in a manner equally as conspicuous as the guarantee, the eligibility requirements for obtaining an extension of credit.

M.C.L. § 445.1823(d) – (e) (emphasis added).

131973725v1

"[I]t cannot be seriously disputed that [15 U.S.C. § 1679b(a)(3)-(4) claims] fall within the scope of Rule 9(b)." *Slack v. Fair Isaac Corp.*, 390 F. Supp. 2d 906, 911 (N.D. Cal. 2005); *see also Browning v. Yahoo! Inc.!*, No. C04-01463HRL, 2004 WL 2496183 (N.D. Cal. Nov. 4, 2004); *Millett v. Equifax Info. Services, LLC*, 1:05-CV-2122-BBM, 2006 WL 8432555, at *2 (N.D. Ga. Mar. 27, 2006); *Sancho v. Davidson*, 3:05-CV-883 (RNC), 2006 WL 8448126, at *1 (D. Conn. Mar. 3, 2006). This is so where, as here, such fraud-based CROA claims "rely almost exclusively on defendant['s] allegedly 'misleading and deceptive conduct [, which] conduct 'sounds in fraud' even if it would not necessarily give rise to a cause of action for deceit at common law." *Slack*, 390 F. Supp. 2d at 911-912. And because the fraud-based MCSPA claim Plaintiff seeks to assert against Credit Pros substantially tracks the language contained in the fraud-based CROA claims Plaintiff seeks to assert against Credit Pros,[3] such fraud-based MCSPA claims (Count II) must also fall within the scope of Rule 9(b).

Here, the Complaint's limited and conclusory allegations reveal Plaintiff seeks to rely upon purported guarantees, suggestions, and deception as to the nature of the credit repair services that Credit Pros allegedly provided Plaintiff, as well as Credit Pros' purported representation that its services would be able to improve Plaintiff's credit in asserting her fraud-based CROA claims. Compl., ¶¶ 7-13. But Plaintiff's reliance is misplaced because her Complaint noticeably fails to allege the circumstances and representations made by Credit Pros constituting fraud with any particularity (and independent from the alleged contract Plaintiff and Credit Pros entered into) as required by Rule 9(b). Indeed, the Complaint fails to allege, *inter alia*:

1. the **identity** of the speaker, including said speaker's relationship to Credit Pros, *see* Compl., ¶¶ 10 ("Plaintiff then scheduled a time to speak with Defendant, and on or about August 16, 2023, Defendant called Plaintiff and began discussing its services

---

[3] Indeed, Plaintiff's allegations in support of her fraud-based MCSPA claim mirror her allegations in support of her fraud based CROA claims. *See* Compl. ¶ 46 ("Defendant violated § 5-19-104(1)(c) in much the same way it violated 15 U.S.C. 1679(a)(3)-(4) of the CROA.").

  and credit issues Plaintiff wanted to have addressed through Defendant's services."), 11 ("Defendant represented that its services would improve Plaintiff's Credit, as Defendant would assess the information that was negatively impacting Plaintiff's credit, and subsequently submit disputes to the credit reporting agencies seeking to have that information removed from Plaintiff's credit."), 12 ("Defendant affirmative represented that the information would be disputed and would be removed from Plaintiff's credit, regardless of whether the disputed information was accurate or otherwise could properly be removed from Plaintiff's credit");

2.  **<u>where</u>** the statements were made, *see* Compl., ¶¶ 11 ("Defendant represented that its services would improve Plaintiff's Credit, as Defendant would assess the information that was negatively impacting Plaintiff's credit, and subsequently submit disputes to the credit reporting agencies seeking to have that information removed from Plaintiff's credit."), 12 ("Defendant affirmative represented that the information would be disputed and would be removed from Plaintiff's credit, regardless of whether the disputed information was accurate or otherwise could properly be removed from Plaintiff's credit");

3.  **<u>how</u>** the statements were false, *see, generally,* Compl.;

4.  the **<u>intent</u>** of the speaker when making the statements, *see, generally,* Compl.; and

5.  the **<u>complete content and context</u>** of the statements, *see, generally,* Compl.

It is well-settled that these are vital and necessary allegations that Plaintiff must assert as required by Rule 9's heightened pleading standard that serves to safeguard a defendant's reputation from improvident charges of wrongdoing, and to protect a defendant against the institution of a strike suit. *See Dean v. Wright Med. Tech., Inc.*, 593 F. Supp. 3d 1086, 1094 (D. Colo. 2022); *Cardenas v. Toyota Motor Corp.*, 418 F. Supp. 3d 1090, 1098 (S.D. Fla. 2019); *Steves & Sons, Inc. v. Trinity Glass Intern., Inc.*, CIV.A. SA06CV357XR, 2007 WL 1556743, at *3 (W.D. Tex. May 25, 2007); *Sancho v. Davidson*, 3:05-CV-883 (RNC), 2006 WL 8448126, at *1 (D. Conn. Mar. 3, 2006). And, pursuant to the applicable case law, these necessary allegations are vital to determine whether Credit Pros is a credit repair organization under the CROA (and the MCSOA) in the first instance. *See Plattner*, 422 F. Supp. 2d at 974. Without these allegations, Credit Pros (and even this Court) cannot make this case dispositive, threshold determination.

At its core, the Complaint simply alleges someone(s) made some representation(s) from some location(s) in some medium(s) that Credit Pros could somehow improve Plaintiff's credit but Credit Pros failed to deliver the results or provide the services in the manner represented. Compl., ¶¶ 17, 21, 22. This does not come close to complying with Rule 9(b)'s heightened pleading standard. *See e.g.*, *Ermolaev v. Happy Land FL, LLC*, 20-24480-CIV, 2021 WL 7084645, at *7 (S.D. Fla. Apr. 16, 2021) ("Plaintiff does not meet the standard required to establish a claim of fraud by specifying exactly what false statements were made, when, and by whom."). As a result, this Court should enter an Order dismissing the fraud-based claims attempted to be asserted in Plaintiff's Complaint; particularly in light of the contract Plaintiff alleges it entered into with Credit Pros for its provisions of services. *See* Compl. ¶¶ 13, 17.

## CONCLUSION

Plaintiff's fraud based CROA claim (Count I(a)) and MCSPA claim (Count II) recites the respective statutory language at issue but noticeably fails to allege any circumstances of fraud with particularity as required by Federal Rule of Civil Procedure 9(b). As a result, such claims should be dismissed.

**WHEREFORE**, Defendant, Credit Pros International, LLC, respectfully requests this Court enter an Order granting the instant Motion, dismissing Plaintiff's Complaint [D.E. 1], and granting any such further and other relief in favor of Credit Pros as this Court deems just and proper.

Dated: March **11**, 2024.          Respectfully submitted,

By: */s/ Mark G. Cooper*
MARK G. COOPER (P52657)
JAMES W. ROSE (P66473)
Email: mcooper@taftlaw.com
Email: jrose@taftlaw.com
**Taft Stettinius & Hollister LLP**

131973725v1

        27777 Franklin Rd., Ste. 2500
        Southfield, Michigan 48034
        Tel: (248) 351-3000

        JAMEY R. CAMPELLONE
        *Pro Hac Vice Anticipated*
        Fla. Bar No. 119861
        Email: jamey.campellone@gmlaw.com
        Email: gabby.mangar@gmlaw.com
        **GREENSPOON MARDER LLP**
        200 East Broward Blvd., Suite 1800
        Fort Lauderdale, Florida 33301
        Tel: (954) 527-6296
        Fax: (954) 333-4027

        *Attorneys for The Credit Pros International, LLC*

## Certification of Compliance with Local Rule 7.2

  As required by W.D. Mich. Local Rule 7.2(b)(ii), the undersigned certifies that this brief complies with Local Rule 7.2(b)(i), as it contains 2,710 words, as counted by the Microsoft Word 365 Word Count function.

        */s/ Mark G. Cooper*
        MARK G. COOPER (P52657)
        JAMEY R. CAMPELLONE
        *Pro Hac Vice Anticipated*
        Fla. Bar No. 119861

## CERTIFICATE OF SERVICE

  **I HEREBY CERTIFY** that on this **11th** day of March 2024, a copy of the foregoing Defendant's Motion to Dismiss Plaintiff's Complaint and Incorporated Memorandum of Law was filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

       By: */s/ Mark G. Cooper*
         MARK G. COOPER (P52657)